CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 28 2008

JOHN F. CORCORAN, CLERK
BY: /s/ H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TILDEN PATTERSON, | ) | |
|     Petitioner, | ) | Civil Action No. 7:07CV00589 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DIRECTOR OF THE DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | By: Hon. Jackson L. Kiser |
|     Respondent. | ) | Senior United States District Judge |

Tilden Patterson, a Virginia Department of Corrections inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, pursuant to Rule 5 of the Rules Governing Section 2254 Cases, to which Patterson filed a timely response, making the matter ripe for disposition. Upon careful review of the extensive state court records and the pleadings and exhibits submitted by the parties, I conclude that respondent's motion to dismiss must be granted.

### I. Factual and Procedural Background

The evidence presented at Patterson's May 21, 2004 bench trial indicated that on December 4, 1999, Ron Kesner, an Albemarle County Police Officer, was operating mobile radar near the Rock Store on Hydraulic Road in Albemarle County when he observed a vehicle traveling sixty-seven miles per hour in a thirty-five mile per hour zone. Kesner subsequently initiated a traffic stop and made contact with the driver and sole occupant of the vehicle, Patterson. Kesner requested Patterson's operator's license and vehicle registration and Patterson subsequently produced the license and a rental agreement for the car. Kesner observed that the rental agreement was listed in

1

a female's name and that there were no other drivers listed or authorized on the agreement. Kesner returned to his patrol car and, after providing Patterson's license information to the dispatch, was advised that Patterson had been involved in a drive-by shooting in Charlottesville and was currently on bond. Kesner then initiated a phone call to the rental car company. During this time, Kesner observed Patterson "reach from the front seat to the rear seat several times around the passenger's side area of the rear seat." (Transcript of Bench Trial at 13, Patterson, 05-2162.)

Based on the information that he received from the rental company, Kesner decided to initiate a seizure of the vehicle. Kesner approached Patterson in the vehicle and issued a summons for reckless driving to him. Kesner also explained to Patterson that the rental company had requested that the vehicle be seized and towed because Patterson "was not on the rental agreement" and that Patterson could no longer operate the vehicle. (Transcript of Bench Trial at 11, Patterson, 05-2162.) Kesner further explained to Patterson that he was going to inventory the vehicle. At that point, Patterson informed Kesner that his cellular telephone was not working and requested that he be allowed to make a phone call from the pay phone at the nearby Rock Store. Kesner agreed and released Patterson.

Kesner subsequently inventoried the vehicle and found several items in the backseat, including a jacket, pager, phone, video camera, and mail addressed to Patterson. Kesner searched the cargo pockets sewn on the back of the driver and passenger seats and ultimately discovered a fully-loaded Glock .357 caliber semi-automatic pistol and a separate fully-loaded magazine. Kesner then attempted to locate Patterson, but could not find him. The pistol and magazines with bullets were introduced into evidence at trial and Kesner testified that a pistol is a firearm. Evidence that Patterson was previously convicted of a felony was also introduced.

At the conclusion of the bench trial, Patterson was convicted of possessing a firearm after having been convicted of a felony, in violation of Va. Code Ann. 18.2-308.2 (Circuit Court Case No. 16889). By final order entered August 3, 2004, Patterson was sentenced to a total term of three years incarceration.

Patterson's appeal to the Court of Appeals of Virginia was refused by a single judge of that court on May 19, 2005. A demand for reconsideration by a three-judge panel was denied on September 15, 2005. On March 14, 2006, the Supreme Court of Virginia refused his petition for appeal.

Patterson then filed a habeas corpus petition in the Supreme Court of Virginia on March 13, 2007, raising various claims of ineffective assistance of counsel. On September 5, 2007, the Supreme Court of Virginia entered a detailed opinion addressing Patterson's claims, <u>Tilden Patterson v. Director of the Department of Corrections</u>, No. 070499, slip op. (Va. Sept. 5, 2007), and dismissed the petition. On December 5, 2007, Patterson filed the instant § 2254 petition.

## II. Current Claims

Patterson raises the following claims in his § 2254 petition:[1]

(A) Counsel provided incompetent advice when he advised Patterson that Patterson had no statutory right to a court appointed attorney during his preliminary hearing;

(B) Counsel was ineffective in erroneously advising Patterson that there was no pre-trial opportunity available to suppress evidence seized in violation of the Fourth Amendment;

(C) Counsel was ineffective when he failed to conduct necessary pre-trial investigations and further failed to contact, interview, or subpoena witnesses vital to Patterson's defense; and

---

[1] Patterson requests an evidentiary hearing to resolve these claims.

3

(D) Counsel was ineffective when he advised Patterson that the preliminary hearing transcript was not available.

## III. Analysis

Respondent admits that Patterson properly exhausted his state court remedies as to his claims. Therefore, this court must address these claims under the standards set forth in 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). Section 2254(d) as amended by the AEDPA reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Applying the interpretation of this standard of review set forth by the Supreme Court of the United States in Williams v. Taylor, 529 U.S. 362, 413 (2000), a state court adjudication is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." See also Lovitt v. True, 403 F.3d 171 (4th Cir. 2005), cert. denied, 126 S. Ct. 400 (2005); Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (en banc).

A state court decision unreasonably applies clearly established federal law if the state court, despite correctly identifying the governing legal principle, "unreasonably applies that principle to

4

the facts of the prisoner's case." Williams, 529 U.S. at 413. The Williams Court stressed that Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Id. at 411. Thus, under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court's decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable. Id.; Booth-El v. Nuth, 288 F.3d 571, 576 (4th Cir. 2002); see also McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997) (holding that the focus of federal court review is the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves).

In addition, a state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Tucker v. Osmint, 350 F.3d 433, 439 (4th Cir. 2003). When reviewing the sufficiency of the evidence on a federal habeas petition, "the critical inquiry . . . must be . . . to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). The "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). In determining whether the Supreme Court of Virginia reasonably applied these principles, I must determine whether the decision is minimally consistent with the record. Bell v. Jarvis, 236 F.3d 149, 159 (4th Cir. 2000).

To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). First,

5

a petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, a petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. Id. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Strickland establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. If it is clear that if petitioner has not satisfied one prong of this Strickland test, the court need not inquire whether he has satisfied the other prong. Id. at 697.

A.

Patterson first contends that counsel was ineffective when he advised Patterson that there was no statutory right to court-appointed counsel during his preliminary hearing. Patterson states that a preliminary hearings is "a critical stage," therefore, he had "a right to counsel for the purpose of protecting him . . . against improper procedures that produced incriminating evidence." (Pet. at 2.) Patterson complains that, even if counsel was at first unaware that petitioner was forced to proceed without counsel during the preliminary hearing, "he failed to do anything later to remedy the error rendering his performance deficient." (Pet. at 2.)

The Supreme Court of Virginia, upon consideration of the habeas petition, specifically addressed this claim noting:

> The record, including the arrest warrant, notice to defendant regarding counsel, certificate of refusal, and preliminary hearing transcript, demonstrates that petitioner was informed by the general district court that he had the right to counsel if he could not afford to retain one and that on the day of the preliminary hearing petitioner

6

> informed the court that had retained an attorney. That attorney, however, informed the clerk of court that she had not been retained by petitioner. Upon determining that petitioner had been given a reasonable opportunity to obtain counsel but had failed to do so, the court found that petitioner had waived his right to an attorney for the preliminary hearing. Based on these facts, counsel was not ineffective for failing to file a futile motion to dismiss. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(Slip op. at 3.)

I agree with the state habeas court's determination. A preliminary hearing is a critical stage of the state's criminal process at which a defendant is entitled to the aid of counsel. Coleman v. Alabama, 399 U.S. 1, 10 (1970). However, once adequately advised of his right to counsel, a person is free to waive that right. A "waiver of the right to counsel and the right not to incriminate oneself need not be explicit, but may be inferred from all of the circumstances." United States v. Hicks, 748 F.2d 854, 859 (4th Cir. 1984) (citing North Carolina v. Butler, 441 U.S. 369 (1979)). The "determination of whether here [sic] has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." United States v. Hayes, 385 F.2d 375, 377 (4th Cir. 1967) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (internal quotations omitted)). Due Process requires that a defendant be afforded a fair and reasonable opportunity to secure representation of his or her own choosing, but failure to obtain counsel within a reasonable time may operate as waiver of that right. Neal v. State of Texas, 870 F.2d 312, 315 (5th Cir. 1989); United States v. Weninger, 624 F.2d 163 (10th Cir.) (1980) (finding an implied waiver of right to counsel where defendant failed to obtain counsel after repeated urging by trial court). After a defendant has been given a fair or reasonable opportunity to obtain counsel of choice, the decision to grant or deny

7

a continuance to permit a further opportunity to do so rests within the broad discretion of the trial court. See Ungar v. Sarafite, 376 U.S. 575 (1964).

It appears that the trial court was justified in denying another continuance and finding that Patterson had implicitly waived his right to counsel at the preliminary hearing in light of the potential delay and the fact that the court had already granted Patterson a reasonable opportunity to obtain counsel. However, even if it was inappropriate for the trial court to force Patterson to proceed at the preliminary hearing without counsel, Patterson fails to allege that the uncounseled preliminary hearing prejudiced his trial in any way. Patterson does not dispute that the district court advised him of his right to counsel and gave him the opportunity to obtain counsel by continuing the initial preliminary hearing. Moreover, Patterson fails to provide the court with any "incriminating evidence" that was allegedly gathered at the preliminary hearing and used against him at trial. Furthermore, Patterson was provided with court-appointed counsel immediately subsequent to the preliminary hearing and was represented from that time through the conclusion of the trial. Accordingly, counsel was not ineffective in failing to raise an objection or make a motion based on Patterson's lack of counsel at the preliminary hearing. See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987) (finding that counsel was not ineffective in failing to raise an objection or make a motion for which there is "no obvious basis"). Thus, the Supreme Court of Virginia's disposition of this claim was not contrary to, or an unreasonable application of, federal law and was not based on an unreasonable determination of facts. Therefore, the court will grant the motion to dismiss as to this claim.[2]

---

[2] In another portion of this claim, Patterson contends that the trial court failed to advised him at the preliminary hearing of his right to file a discovery motion for any written or recorded statements relevant to the case, failed to inform him that he had the right to present evidence that he did not commit the offense, and that he had the right to testify on

**B.**

Patterson next claims that counsel was ineffective in erroneously advising Patterson that there was no pre-trial opportunity available to suppress evidence allegedly seized in violation of the Fourth Amendment and in failing to make a motion to suppress. Patterson contends that a speeding ticket would not trigger a lease violation of the rental car requiring the vehicle to be confiscated and that this proves that the search was unconstitutional. Patterson complains that he requested that counsel review the rental agreement in the possession of Ms. Myles, Patterson's friend, but that counsel failed to do so.

The Supreme Court of Virginia, upon consideration of the habeas petition, specifically addressed this claim noting:

> The record, including the trial transcript and the affidavit of counsel, demonstrates that petitioner was not an authorized user of the rental car. As such, counsel determined that a motion to suppress would have been futile. As an unauthorized user of the rental car, petitioner had no legitimate expectation of privacy in the car and no standing to assert that the search of the vehicle violated petitioner's Fourth Amendment rights. See Bell v. Commonwealth, 267 Va. 172, 190, 563 S.E.2d 685, 708 (2002) (citing United States v. Wellons, 32 F.3d 117 (4th Cir. 1994)). Counsel, therefore, was not ineffective for failing to raise a futile suppression motion or for failing to object to the admission of evidence found inside the car. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

---

his own behalf and cross-examine witnesses. The Supreme Court of Virginia specifically addressed this claim and determined that it was barred "because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus. Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975)." (Slip op. at 4.) Because this state procedural rule supplies an adequate and independent ground for denial of a claim for habeas relief, a federal habeas court may not review defaulted claims absent "cause and prejudice" for the default. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); see also Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006) (stating that the procedural bar established by Slayton "constitutes an adequate and independent state law ground for default"). Patterson asserts no facts supporting either cause or prejudice as an excuse for the default. Accordingly, the court will not review this claim and it will be dismissed.
9

(Slip op. at 2.)

I agree with the state habeas court's determination. To succeed on a Fourth Amendment claim, an individual must have a legitimate expectation of privacy in the area searched or the item seized. See Rawlings v. Kentucky, 448 U.S. 98, 106 (1980). As the Supreme Court of Virginia noted, it is clear that an unauthorized driver of a rental vehicle has no legitimate expectation of privacy in the vehicle and no standing to assert that the search of the vehicle violated his Fourth Amendment rights. See United States v. Wellons, 32 F.3d 117, 119 (4th Cir. 1994) (holding that an unauthorized driver of a rental car had no expectation of privacy in the car or any container found in the car, and denying standing to challenge search of luggage found in trunk of car); United States v. Thomas, 128 F. App'x 986, 990 (4th Cir. 2005) (finding that defendant had no reasonable expectation of privacy in a rental car, and he therefore could not challenge the legality of officer's search of the vehicle, where defendant was not an authorized driver of the rental car).

Patterson does not allege that he was an authorized driver of the rental car, but merely supports his claim by referring to unspecified terms of the rental agreement that allegedly indicate that a speeding violation would not result in a lease violation. However, the record indicates that the vehicle was seized because Patterson was not an authorized driver specified on the rental agreement, not because he received a speeding ticket. Thus, counsel was not ineffective in properly advising Patterson that a motion to suppress would be futile, and in failing to investigate and make a motion to suppress for which there was no obvious basis. Clanton, 826 F.2d at 1359. Accordingly, the Supreme Court of Virginia's disposition of this claim was not contrary to, or an unreasonable application of, federal law and was not based on an unreasonable determination of facts. Therefore, I will grant the motion to dismiss as to this claim.

10

**C.**

Patterson also claims that counsel was ineffective when he failed to conduct necessary pre-trial investigations and further failed to contact, interview, or subpoena witnesses vital to Patterson's defense. Specifically, Patterson complains that counsel's decision not to call Ms. Myles, the person from whom he borrowed the rental vehicle, as a witness at trial was unreasonable. Patterson claims that he provided counsel with information concerning Myles' address and her involvement with the rental car. Patterson contends that Myles' testimony and the contents of the rental agreement would have supported the defense that the traffic stop was illegal and "the court would have had to dismiss the charges." (Pet. at 7.)

The Supreme Court of Virginia, upon consideration of the habeas petition, specifically addressed this claim noting:

> The record, including the trial transcript and the affidavit of counsel, demonstrates that prior to trial petitioner told counsel that he had no witnesses to testify on his behalf and that he reiterated this to the court at trial. Furthermore, petitioner has failed to proffer a copy of the rental contract or an affidavit from Miles to corroborate that she would have testified as petitioner contends. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(Slip op. at 4-5.)

I agree with the state habeas court's determination. I find Patterson's allegation that he requested that counsel interview and present Ms. Myles as a witness at trial incredible in light of the record. When the trial court questioned Patterson as to whether there were any witnesses that he wanted to present, Patterson responded, "no, no witnesses." (Transcript of Bench Trial at 5,

11

Patterson, 05-2162.) Patterson fails to address or explain this response. Thus, I fail to comprehend how counsel was ineffective in failing to investigate and present a witness that was not suggested to him by his client. Moreover, Patterson fails to provide the court with the substance of Myles' alleged testimony or prove that the absence of Myles prejudiced his trial. As the court has already noted, despite what the rental agreement indicated concerning speeding violations, Patterson had no expectation of privacy in the rental vehicle because he was not an authorized driver of the vehicle. Thus, I find no reasonable probability that Myles' testimony would have affected the privacy determination or that the result of the trial would have been different. Accordingly, the Supreme Court of Virginia's disposition of this claim was not contrary to, or an unreasonable application of, federal law and was not based on an unreasonable determination of facts. Therefore, I will grant the motion to dismiss as to this claim.

**D.**

Patterson finally claims that counsel was ineffective when he advised Patterson that there was no preliminary hearing transcript available. Patterson alleges that he was able to gain access to the transcript so any claim that the transcript was not available is false. Patterson contends that the transcript could have been used to impeach the inconsistent trial testimony of Officer Kesner.

The Supreme Court of Virginia, upon consideration of the habeas petition, specifically addressed this claim noting:

> The record, including the trial and preliminary hearing transcripts, demonstrates that use of the preliminary hearing transcript for impeachment purposes would not have been beneficial. At the preliminary hearing and at trial, Officer Kesner testified that petitioner was free to leave and that petitioner began to walk across the street ostensibly to use the phone while the officer was searching the vehicle. At the preliminary hearing, Officer Kesner testified that he looked up during the search and

12

saw petitioner running and that after the search and the gun was found petitioner was no longer in the area. At trial, Officer Kesner did not testify concerning what he saw while conducting the search and did not contradict his preliminary hearing testimony. In any event, information that petitioner ran away rather than walked away from the scene would not have been beneficial as "[h]eadlong flight - wherever it occurs - is the consummate act of evasion: it is not necessarily indicative of wrongdoing, but it is certainly suggestive of such." Illinois v. Wardlow, 528 U.S. 119, 124 (2000). Thus, petitioner has failed to demonstrate that, but for counsel's alleged errors, the result of the proceeding would have been different.

(Slip op. at 6-7.)

I agree with the state habeas court's determination. The trial transcript reveals Officer Kesner testified that, immediately prior to the search of the vehicle, he released Patterson and observed Patterson start to "walk in [the] direction" of the Rock Store. (Transcript of Bench Trial at 14-15, Patterson, 05-2162.) Kesner did not testify at trial as to any other observations of Patterson during the search of the vehicle and, thus, did not contradict his prior preliminary hearing testimony. A mere omission is not an inconsistent statement. Regardless, even if Kesner had contradicted his preliminary hearing testimony and testified at trial that he did not observe Patterson running, such a minor inconsistency would arguably have resulted in an insignificant if not unsuccessful impeachment attempt. Thus, Patterson has failed to carry his burden of showing a reasonable probability that the result of the trial would have been different had counsel obtained the preliminary hearing transcript and attempted to impeach Kesner. Accordingly, the Supreme Court of Virginia's disposition of this claim was not contrary to, or an unreasonable application of, federal law and was not based on an unreasonable determination of facts. Therefore, I will grant the motion to dismiss

13

as to this claim.[3]

## IV. Conclusion

I find that Patterson cannot demonstrate that the Supreme Court of Virginia's rejection of his claims was contrary to clearly established principles, involved an objectively unreasonable application of Strickland, or was based on an unreasonable determination of the facts. That court reasonably applied the proper standards of review, and its ruling, which is consistent with the evidence contained in the record, is entitled to deference under § 2254. Accordingly, I find that Patterson is not entitled to § 2254 relief. Respondent's motion to dismiss will be granted and an appropriate Order issued this day.

I further note that a habeas petitioner is "entitled to an evidentiary hearing only to resolve disputed issues of material fact," and, therefore, a hearing is not warranted unless he first presents "a colorable claim to relief by showing that the alleged additional facts, if true, would at least

---

[3] Patterson further contends in his response that he was dissatisfied with his court appointed counsel and that he requested new counsel prior to sentencing but that "he was forced to abandon his retained attorney or suffer the consequences of a harsher sentence." (Pet'r Resp. at 4.) Patterson complains that the respondent fails to address this claim in his response; however, I note that this claim was not raised in Patterson's original federal habeas petition. Accordingly, I will construe Patterson's claim as a motion to amend his original complaint. As the new claim brought forth in the responsive materials does not relate back to any of the claims brought in the original petition, the court will not grant an amendment to Patterson's petition. In any event, the claim lacks merit. The Supreme Court of Virginia specifically addressed this claim noting "the record . . . demonstrates that petitioner never informed counsel either before or during the sentencing hearing that petitioner had retained another attorney to handle his sentencing. Additionally, the transcript from the sentencing hearing demonstrates that petitioner declined the trial court's offer to say 'anything' before sentence was imposed. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability, but for counsel's alleged errors, the result of the proceeding would have been different." (Slip op. at 7.) The state habeas court further noted that any claim against the prosecutor or the trial court concerning this issue was barred pursuant to Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974), because it was not raised at trial and on direct appeal. I cannot find that the Supreme Court of Virginia's disposition of the ineffective assistance of counsel portion of this claim was contrary to, or an unreasonable application of, federal law or was based on an unreasonable determination of facts. Moreover, any claims against the prosecutor or trial court are barred pursuant to the aforementioned adequate and independent state procedural rule as Patterson has failed to demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, and has failed to demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Accordingly, this claim must be dismissed.

14

arguably compel the granting of the writ." Poyner v. Murray, 964 F.2d 1404, 1422 (4th Cir. 1992). Therefore, as I have already determined that Patterson fails to present any colorable claims, his motion for an evidentiary hearing will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

ENTER: This 28th day of February, 2008.

/s/ Jackson L. Kiser
Senior United States District Judge

15

Case 7:07-cv-00589-JLK-mfu   Document 16   Filed 02/28/08   Page 15 of 15   Pageid#: 229